WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Owen Mann,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-03-00213-TUC-CKJ<br><br>DEATH-PENALTY CASE<br><br>**ORDER** |

    Pending before the Court is Respondents' Motion to Unseal Docket #101, a sealed *ex parte* order entered in this case. (Doc. 104.) Respondents received notice of the *ex parte* order and now request the order be unsealed pursuant to 18 U.S.C. § 3599(g)(3). Petitioner opposes the request, (Doc. 105), and Respondents have filed a reply (Doc. 106). The Court strikes Petitioner's unauthorized supplemental response (Doc. 107) and Respondents' supplemental reply (Doc. 108). The Local Rules of this Court do not authorize supplemental briefs. *See* LRCiv 7.2. The Court denies Respondents' motion for the following reasons.

    Section 3599(g)(3) authorizes public disclosure of the amounts paid under 18 U.S.C. § 3599 for compensation to counsel and fees and expenses for investigative, expert and other services after the "disposition of the petition." Because the Supreme Court has denied certiorari in this capital habeas, *see Mann v. Ryan*, 137 S. Ct. 1205, 1091 (2017), Respondents argue that the disposition of Petitioner's habeas petition is final and the jurisdiction of this Court to act is unclear. Respondents concede that this Court does have authority to appoint habeas counsel to represent Petitioner in a state

clemency proceeding, but disputes whether an adequate showing was made to support an *ex parte* proceeding and whether this Court has jurisdiction to do anything but appoint counsel.

The notice of Document 101, which was inadvertently sent to Respondents, indicated the order was in reference to the budget in this matter. Respondents acknowledge that they assume the funds at issue have not yet been spent but assert that, given the lack of a pending habeas proceeding, the public's right to know the amounts of fees and expenses authorized under § 3599(f) is as vital as it is for funds already spent. Respondents also request an opportunity to contest the showing of the need for confidentiality, asserting that any *ex parte* proceeding under § 3599(f) shall be transcribed and made a part of the record available for appellate review.

The Court denies Respondents' request to unseal the document for two reasons. First, the sealed document, if unsealed, would not result in disclosure of "[t]he amounts paid" for services in this case. *See* 18 U.S.C. § 3599 (g)(3). Second, even if the Court's sealed order authorized future fees and expenses for reasonably necessary services, as Respondents' presume, the statute clearly states that the disclosure requirement applies only to amounts "paid," not to the amount of funds "budgeted." Thus, under the clear language of the statute, Respondents are not entitled to disclosure of this information. Information placed under seal, which might otherwise be made available to the public, may be placed "under seal or otherwise safeguarded until after all judicial proceedings, including appeals, in the case are completed and *for such time thereafter as the court deems appropriate.*" *See Guide to Judiciary Policy*, Vol. 7A, Ch. 5, § 510.40(b) (emphasis added). For Petitioner, who is sentenced to death, the Court finds it appropriate to safeguard this information until the conclusion of all proceedings for which counsel is authorized to act on his behalf, pursuant to 18 U.S.C. § 3599, including clemency proceedings. Moreover, this Court's Order (Doc. 104) is purely administerial, and ancillary to this proceeding, and thus is not subject to public disclosure. *See e.g., United States v. Gonzales*, 150 F.3d 1246, 1244 (10th Cir. 1998) ("[T]he court essentially acts in

1  an administrative, not a judicial, capacity when approving voucher requests and related
2  motions for trial assistance."); *United States v. Lexin*, 434 F.Supp.2d 836 (S.D. Cal.
3  2006) ("[T]he administrative nature of the process . . . is apparent in that the process is
4  non-adversarial; the court acts *ex parte*, and there is no appeal of the . . . decision.").

Next, Respondents' challenge to this Court's jurisdiction to act at this stage of the proceedings has been put to rest by *Harbison v. Bell*, in which the Supreme Court held that 18 U.S.C. § 3599 "authorizes federally appointed counsel to represent their clients in state clemency proceedings and entitles them to compensation for that representation." 556 U.S. 180, 194 (2009). Federal habeas counsel are not required to seek reappointment for the purpose of continuing representation in state clemency proceedings, *see Guide to Judicial Policy*, Vol. 7A, Ch. 6 § 680.10.10, and judicial policy encourages courts to budget such work sufficiently in advance of final resolution of the case to allow sufficient time for clemency preparation. *Id.* at § 680.30. Thus, this Court has authority to enter the orders necessary to budget federally appointed counsel at this stage of the proceeding.

Finally, relying on 18 U.S.C. § 3599(f), Respondents contest Petitioner's ability to file *ex parte* budgeting matters at this stage of the proceedings, absent a showing of the need for confidentiality. The motion and order at issue in this case, however, do not implicate § 3599(f). Thus, judicial policy directs Petitioner to submit matters pertaining to case budgeting "*ex parte* and . . . under seal," and thus no specific showing of a need for confidentiality is necessary. *See Guide to Judiciary Policy*, Vol. 7A, Ch. 6, § 640.20(b) ("Case budgets should be submitted *ex parte* and filed and maintained under seal.") The court disagrees with Respondents assertion that this applies only to the initial litigation budget. Rather, the Court finds that motions to re-evaluate or modify the budget should be afforded the same protection. Similarly, this Court's budgeting orders are to be entered under seal. *Id.* at § 640.20(c) ("The budget should be incorporated into a sealed . . . . order that reflects the understanding of the court and counsel regarding all matters affecting counsel compensation and reimbursement and payments for investigative, expert, and other services.").

Accordingly,

IT IS HEREBY ORDERED that Respondents' Motion to Unseal Docket #101 (Doc. 104) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court is DIRECTED to strike the supplemental response (Doc. 107) and supplemental reply (Doc. 108).

Dated this 31st day of October, 2017.

_____
Honorable Cindy K. Jorgenson
United States District Judge