WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Owen Mann, | No. CV-03-00213-TUC-CKJ |
| Petitioner, | <u>DEATH-PENALTY CASE</u> |
| v. | **ORDER** |
| Ryan Thornell, et al.,[1] | |
| Respondents. | |

Before the Court is Petitioner Eric Mann's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6). (Doc. 122.) Mann, a state prisoner under sentence of death, asserts the Supreme Court's recent decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), is a "sea change in the law" which fatally undermines the deferential framework in 28 U.S.C. § 2254(d) and represents "the kind of extraordinary development for which Rule 60(b) is designed." (*Id.* at 2–3.) Mann asks the Court to "reopen his federal habeas proceedings" and "independently assess" the merits of his constitutional claims. (*Id.* at 2.) The motion is fully briefed.[2] (Docs. 125–26.) For

---

[1] Ryan Thornell, Director of the Arizona Department of Corrections, is substituted as Respondent pursuant to Federal Rule of Civil Procedure 25(d).

[2] On June 27, 2025, the same day Mann filed his motion challenging the constitutionality of deferential review under 28 U.S.C. § 2254(d)(2), he also filed and served a Notice of Constitutional Question upon the United States Attorney General (USAG). (Doc. 123.) On September 4, 2025, the Court certified and served notice of the constitutional challenge to the USAG under Federal Rule of Civil Procedure ("Rule") 5.1(c) and allowed 60 days from the date Mann had filed his notice to intervene and respond to the constitutional challenge. (Docs. 127, 129.) The USAG did not move to

the reasons explained below, the motion is denied.

## BACKGROUND

Mann was convicted and sentenced to death in Arizona for the murders of two men. *State v. Mann*, 934 P.2d 784, 787–88 (Ariz. 1997). After the state court affirmed his convictions and sentences, and denied his request for post-conviction relief, Mann sought relief in this court by filing a Petition for Writ of Habeas Corpus by a person in State Custody pursuant to 28 U.S.C. § 2254, the Antiterrorism and Effective Death Penalty Act (1996) ("AEDPA"). (Doc. 1.) On August 11, 2009, this Court entered judgment denying Mann's petition. (Doc. 72.) Applying the governing standard of AEDPA, the Court found none of the claims in his petition merited relief from his convictions or sentences. (Doc. 73.) An en banc panel of the Ninth Circuit Court of Appeals affirmed the Court's judgment. *Mann v. Ryan*, 828 F.3d 1143, 1161 (9th Cir. 2016), *cert. denied* 580 U.S. 1128 (2017).

Mann now moves for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Doc. 122.) Mann argues that an independent assessment of his claims was foreclosed by the deferential standard of review set forth in AEDPA. (*Id.* at 2.) According to Mann, the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), "reveals" the deferential framework of §2254(d) to be "constitutionally defective." (*Id.*) Mann requests that the Court reopen his habeas proceedings and independently assess his claims. (*Id.*)

## DISCUSSION

Federal Rule of Civil Procedure ("Rule") 60(b) entitles the moving party to relief from judgment on several grounds, including "any . . . reason justifying relief from the operation of the judgment." Rule 60(b)(6). A motion under subsection (b)(6) requires a showing of "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). The Supreme Court has cautioned that "[s]uch circumstances will rarely occur in

---

intervene and the time for doing so has expired.

the habeas context," *id.*, and the Ninth Circuit has emphasized that "Rule 60(b)(6) can and should be 'used sparingly as an equitable remedy to prevent manifest injustice.'" *Hall v. Haws*, 861 F.3d 977, 987 (9th Cir. 2017) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)). Mann contends that the *Loper Bright* decision is an intervening change in law that constitutes an extraordinary circumstance. (Doc. 122 at 6–9.)[3]

*Loper Bright*

The Supreme Court granted certiorari in *Loper Bright* "limited to the question whether *Chevron* should be overruled or clarified." 603 U.S. at 384. Under *Chevron*, a reviewing court must adopt an agency's interpretation of an ambiguous statute, so long as the interpretation was based on a "permissible construction of the statute." *Chevron U.S.A. Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984). In *Loper Bright*, the Court eliminated *Chevron* deference as contrary to the Administrative Procedures Act (APA), 5 U.S.C. § 706, holding instead that federal courts "must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the APA requires." 603 U.S. at 412. The Court concluded, therefore, that "courts need not and under the APA may not defer to an agency interpretation of the law simply because a statute is ambiguous." *Id.* at 413.

This holding was based on the statutory language of the APA. As the Court explained: "Section 706 directs that "[t]o the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the

---

[3] Because the Court concludes that *Loper Bright* is not an intervening change in law that constitutes an extraordinary circumstance under Rule 60(b), it does not address Respondents argument that Mann's motion is a disguised improper second or successive §2254 motion. *See Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013) ("Habeas corpus petitioners cannot 'utilize a Rule 60(b) motion to make an end-run around the requirements of AEDPA' or to otherwise circumvent that statute's restrictions on second or successive habeas corpus petitions.") (quoting *Calderon v. Thompson,* 523 U.S. 538, 547 (1998)).

terms of an agency action.'" 603 U.S. at 391. "The APA thus codifies for agency cases the unremarkable, yet elemental proposition . . . that courts decide legal questions by applying their own judgment. It specifies that courts, not agencies, will decide '*all* relevant questions of law' arising on review of agency action, § 706 (emphasis added) . . . and set aside any such action inconsistent with the law as they interpret it." *Id.* at 391–92.

*Chevron* deference to agency decision-making thus "defied" the provisions of the APA. *Id.* at 398; *see id.* The Court further noted that § 706 prescribed no deferential standards for courts to employ in interpreting constitutional or statutory provisions. *Id.* at 392. This omission was "telling, because Section 706 does mandate that judicial review of agency policymaking and factfinding be deferential." *Id.* (citing § 706(2)(A); § 706(2)(E)).

Analysis

Under AEDPA, federal habeas relief is available only if the state court's decision denying a claim on the merits was "contrary to, or involved an unreasonable application of, clearly established Federal law."[4] 28 U.S.C. § 2254(d)(1). Clearly established federal law refers to the holdings of the Supreme Court at the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Mann argues that under the rationale of *Loper Bright*, the deference to state court decisions required by § 2254(d)(1) violates the Supremacy Clause, the separation of powers, and Article III of the

---

[4] As explained in *Williams*, a state court decision is "contrary to" clearly established federal law if it applies a rule that contradicts the governing law set forth in Supreme Court precedent, thereby reaching a conclusion opposite to that reached by the Supreme Court on a matter of law, or if it confronts a set of facts that is materially indistinguishable from a Supreme Court decision but reaches a different result. 529 U.S. at 405–06. A state court unreasonably applies clearly established federal law if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case" or "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407

Constitution. (Doc. 122 at 2, 5.) Mann's arguments mischaracterize both *Loper Bright* and AEDPA.

*Loper Bright* does not affect the constitutional validity of AEDPA. First, as already noted, the holding in *Loper Bright* was based on the language of the APA, which requires courts to decide "all relevant questions of law" and to "interpret constitutional and statutory provisions," 5 U.S.C. § 706, and contains no call for deference to be paid to agency decisions. 603 U.S. at 391–92, 398. "The deference that *Chevron* requires of courts reviewing agency action cannot be squared with the APA." *Id.* at 397. *Loper Bright* addressed only the contradiction between *Chevron* deference and the terms of the APA. *Id.* at 413. *Loper Bright* did not hold that all statutory limits on federal judicial review, including AEDPA, violate Article III or the separation of powers. *See Miles v. Floyd*, No. 24-1096, 2025 WL 902800, at *3 (6th Cir. Mar. 25, 2025) ("*Loper Bright* does not address AEDPA or AEDPA deference" rather, it "focused on the APA, which requires federal courts to 'decide all relevant questions of law,' 5 U.S.C. § 706, and the relationship between federal agencies and federal courts.").

Next, AEDPA does not require total deference to state court rulings on federal questions. The Court in *Williams* acknowledged that "§ 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." 529 U.S. at 412. The Court has also explained, however, that "§ 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further." *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)); *see Rice v. White*, 660 F.3d 242, 251 (6th Cir. 2011) ("Federal courts retain statutory and constitutional authority . . . to remedy detentions by state authorities that violate federal law, so long as the procedural demands of AEDPA are satisfied."); *Mitchell v. Maclaren*, No. 15-CV-10356, 2017 WL 4819104,

at *18 (E.D. Mich. Oct. 25, 2017), *aff'd*, 933 F.3d 526 (6th Cir. 2019) ("Although the standard is difficult to meet, it is not impossible and therefore does not amount to a suspension of the writ.") (citing *Crater v. Galaza*, 491 F.3d 1119, 1125 (9th Cir. 2007)). The difficult standard imposed by § 2254(d)(1) "reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Richter*, 562 U.S. at 102–03 (additional quotations omitted).

Despite its deferential, difficult-to-meet standard of review, AEDPA has survived every challenge raised against it. *See Ulrey v. Zavaras*, 483 F.Appx 536, 543 n.4 (10th Cir. 2012) ("The statute is applied daily by federal courts across the country; it is routinely applied by the Supreme Court; and no court has yet held it unconstitutional. . . ."); *Cobb v. Thaler*, 682 F.3d 364, 374 (5th Cir. 2012) ("§ 2254(d)(1) does not intrude on the independent adjudicative authority of the federal courts," but "limits the grounds on which federal courts may grant the habeas remedy to upset a state conviction"); *Evans v. Thompson*, 518 F.3d 1, 11 (1st Cir. 2008) ("[W]hile AEDPA does restrict a remedy, it does not interfere with Article III powers, nor does it prescribe a rule of decision."); *Crater*, 491 F.3d at 1125 (finding § 2254(d)(1)'s restriction of habeas relief to state court decisions that are contrary to or an unreasonable application of clearly established federal law is not an unconstitutional suspension of the writ, because it modifies preconditions for relief rather than foreclosing all jurisdiction to review claims); *Allen v. Ornoski*, 435 F.3d 946, 960–61 & n.11 (9th Cir. 2006) (§ 2254(d)(1) "merely limits the source of clearly established law that the Article III court may consider" and does not alter content of that law in violation of Article III or separation of power principles).

In *Felker*, the Supreme Court upheld AEDPA against arguments that it violated Article III and the Suspension Clause. 518 U.S. 651. The Court reiterated that "judgments about the proper scope of the writ are 'normally for Congress to make.'" *Id.* at 664 (quoting *Lonchar v. Thomas*, 517 U.S. 314, 323 (1996)); *see Evans*, 518 F.3d at 12 ("[L]imitations on the availability of federal habeas relief for state court convictions are

nothing new. Before AEDPA, the scope of the writ was already subject to 'a complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions.'") (quoting *Felker*, 518 U.S. at 664).

The argument that in eliminating *Chevron* deference *Loper Bright* also invalidated AEDPA depends on the legitimacy of the analogy between federal agencies and state courts. That analogy is flawed. The Supreme Court has explained that "AEDPA recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights." *Burt v. Titlow*, 571 U.S. 12, 19 (2013). "'[T]he States possess sovereignty concurrent with that of the Federal Government, subject only to limitations imposed by the Supremacy Clause. Under this system of dual sovereignty, [the Supreme Court has] consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States.'" *Id.* (quoting *Tafflin v. Levitt*, 493 U.S. 455, 458 (1990)). "Recognizing the duty and ability of our state-court colleagues to adjudicate claims of constitutional wrong, AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Id.* at 15–16. Accordingly, a state court's decision on a constitutional claim—an issue which it is presumptively competent to handle—bears little resemblance to a federal agency's interpretation of a statute, and a federal court's deference to the former under AEDPA bears no resemblance to the *Chevron* deference rejected in *Loper Bright*.

Finally, courts have rejected the argument that *Loper Bright* invalidated AEDPA. *See Miles*, 2025 WL 902800, at *3; *Piper v. Jackley*, No. 5:20-CV-05074-RAL, 2025 WL 889374, at *18 (D.S.D. Mar. 21, 2025), *certificate of appealability granted in part*, 2025 WL 1949391; *Smith v. Thornell*, No. CV-12-00318-PHX-ROS, 2025 WL 563453, at *2–6 (D. Ariz. Feb. 20, 2025); *Walden v. Thornell*, No. CV-99-559-TUC-RCC, 2025 WL 2637815 (D. Ariz. Sep. 25, 2025). In *Miles*, the Sixth Circuit identified "multiple deficiencies" in the argument that "in light of *Loper Bright* . . . , federal courts cannot afford deference to a state court's interpretation of the federal constitution because

federal courts must maintain their independent judgment over federal cases." 2025 WL 902800, at *3. These deficiencies include the fact that, as noted above, *Loper Bright* focused on the APA and did not address AEDPA or AEDPA deference. In addition, under AEDPA "federal courts still must decide questions of law . . . AEDPA does not direct federal courts to defer to a state court's construction of the Constitution. Rather, AEDPA mandates that state courts are bound by 'clearly established Federal law, as determined by the Supreme Court." *Id.*

In sum, the Court has no basis on which to decree AEDPA unconstitutional or find that *Loper Bright* silently overruled cases like *Williams* which have interpreted and applied § 2254(d)(1). The Supreme Court has admonished lower courts not to interpret a Supreme Court opinion as implicitly overturning its prior precedent. *Agostini v. Felton*, 521 U.S. 203, 237 (1997) (explaining that when Supreme Court precedent has "direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, [courts] should follow the line of cases which directly controls, leaving to [the Supreme] Court the prerogative of overturning its own decisions."); *see California Rest. Ass'n v. City of Berkeley*, 65 F.4th 1045, 1057 (9th Cir. 2023) ("We do not assume that the Court has overruled its older precedents 'by implication.' And we do not easily assume that the Court has abrogated our circuit precedents unless the decisions are 'clearly irreconcilable,' particularly where the Supreme Court decisions we relied on remain on the books.") (cleaned up). Any "doctrinal inconsistency" between *Loper Bright* and Supreme Court cases applying AEDPA "is not for this Court to remedy." *United States v. Alderman*, 565 F.3d 641, 648 (9th Cir. 2009) (quoting *United States v. Patton*, 451 F.3d 615, 636 (10th Cir. 2006)).

//
//
//

## CONCLUSION

*Loper Bright* is an intervening change in law, but not one that implicates Mann's habeas proceedings. It cannot form the basis for relief under Rule 60(b)(6).

Accordingly,

**IT IS HEREBY ORDERED denying** Mann's Motion for Relief from Judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure. (Doc. 122.)

**IT IS FURTHER ORDERED denying** a certificate of appealability.

Dated this 6th day of October, 2025.

_____
Honorable Cindy K. Jorgenson
United States District Judge